Your same counsel involved in this one. This is Pavulak versus von Blanckensee. And I believe, Mr. Helsedegger, you're you're first on this one as well. Yes, good morning. Again, Your Honor. My name is Keith Helsedegger. I'm from the Federal Public Defender's Office in Phoenix, and I represent the petitioner in this case, Paul Pavulak. Picking up on where I started in the previous case, this is again the oyster. Mr. Pavulak is not eligible statutorily for the life sentence he received because his prior convictions neither qualify him for the mandatory life sentence under the federal, I want to call it and he's not eligible for a potential life sentence, a statutory sentencing range that includes a life sentence under the two strikes penalty enhancement in section 2251E. Neither of his prior convictions qualify him for either of those statutory sentencing enhancements. And so in that sense, Mr. Pavulak is innocent of the life sentence he received. Are you aware of, is there any argument that the law in which your client relies, namely Mathis, arose before the district court in Delaware ruled on its initial 2255 petition? Mathis came out in June of 2016 and the sentencing court dismissed Mr. Pavulak's first 2255 motion in, I forget, February or March of 2017. So Mathis was available. In fact, Mr., I'm sorry, Judge. That's okay. So you're saying it was available. Well, Mathis was available and Mr. Pavulak actually asked the district court, the sentencing court, I should say, to supplement his 2255 arguments to rely on that case. And the sentencing court never addressed that argument. Its order dismissing his 2255 motion makes no mention of Mathis or the intervening third circuit case that he wanted to rely on as well called Dahl, D-A-H-L. And it sounds to me like if Mr. Pavulak had had counsel in that proceeding, counsel might have been able to, you know, more artfully nudge the court to say that, look, you overlooked this argument that he was trying to present. And, you know, before we go on, you need to address it. Can I ask you this? Has any circuit court, to your knowledge, extended Martinez versus Ryan to people convicted of federal crimes? There is a seventh circuit case called Ramirez. And I will file a 28-J letter and cite it for the court because I didn't see it. I didn't cite it in my briefs and I didn't see it cited in the warden's briefs. But this Ramirez case says that one of the things the seventh circuit has Ramirez case says is that it allows a federal prisoner to file a Rule 60B motion relying on a Martinez-type theory to reopen a 2255 proceeding and thereby obtain an adjudication of an ineffective assistance of counsel at sentencing point. This is 2241 here, but if I recall correctly, the conviction was in Delaware, so couldn't Pavlik have filed something, tried to attempt to do it, and I know that's not the seventh circuit, it's not the ninth circuit either, but in Delaware, could they file the what you're talking about, a Rule 60B in the habeas proceedings? In fact, Mr. Pavlik did file a Rule 60B motion that raises the same arguments that he raised in his Pro Se 2241 petition before the district court in Arizona. And when I filed my opening brief in this appeal, I said that the 60B motion was still pending. I have learned that it has been denied, and the reason that it was denied is because the district court treated it as the functional equivalent of a second or successive 2255 motion because he was trying to raise, the court said, a new claim for relief. And that is the distinction between why I think Martinez has to apply in 2241 proceedings and what happened in the seventh circuit Ramirez case. Because Ramirez, if you look at the facts, the thing that happened to Ramirez that caused him to lose out on his opportunity to raise his sentencing challenge was his post-conviction counsel didn't file a notice of appeal. And that is not the same kind of thing as ineffective assistance, that's almost like abandonment. And I would compare that more to the procedural default in a Supreme Court case called Maples v. Thomas, rather than what happened in Martinez, where the claim could have been raised but wasn't. Well, let me ask you this and connect with Martinez. If we embrace your position on extending Martinez v. Ryan, would district courts in our circuit be required to appoint counsel for every 2255 petitioner? Certainly, they would like to be more diligent in appointing counsel. Like our district in Arizona hardly ever appoints counsel. Counsel, it wouldn't just be our circuit, right? Because like here, we've got a petitioner that's raising a 2241, but the habeas petition was filed in a different circuit, right? So, I mean, to take Judge Smith's example and raise it one, wouldn't every circuit kind of be affected by this? As long as the 2255 courts across the country are satisfied that they're not overlooking any potential substantial claims of trial level ineffectiveness, because Martinez would only apply to a quote-unquote substantial claim, then these courts would be free to continue to exercise their discretion to apply to appoint counsel in 2255 proceedings. But to the extent that it's not possible to suss out substantial claims without the assistance of counsel, then there would be a need for courts across the country to appoint counsel. I mean, the whole point of Martinez is that many state systems already routinely appoint counsel for prisoners on their first round of post-conviction review, and the federal system does not make that a statutory right or some other non-constitutional right. It just makes it I shouldn't say optional. But it really raises the ante, does it not? I mean, this is a major, I'm not saying it's wrong, I'm saying this would be a major change, a major step forward in the 2255 situation. I agree. District courts would have to be much more circumspect about how they exercise their statutory discretion to appoint or not appoint counsel for federal prisoners on their first 2255 proceedings. Because you're obviously a very capable lawyer, the first thing you would say if a court didn't do that was, this is a violation, this is a violation they had to have counsel appointed, they couldn't possibly represent themselves, right? That's the crux of my argument here, yes, your honor. And if I may, I will again please the court, I'm still Bob Miskell on behalf of the warden. Again, in this case, I don't think you need to get into the thorny issue of Martinez, because the defendant, or excuse me, the petitioner does not meet the actual innocent clause in this case either. He had two ways that the court imposed the life sentence, a discretionary one at a 2255, excuse me, 2251e, and a mandatory one in the 3559e. The court said under either approach, the sentencing court said under either approach, it would have imposed a life sentence. And I want to focus on the 2251e sentencing enhancement. Under the jurisdiction where he was convicted, he is not actually innocent of that enhancement. He litigated that enhancement, and the third circuit rejected that argument. The third circuit has continued to reject that argument. The law in the third circuit on that argument isn't changed. Now that is, the third circuit law is admittedly contrary to the ninth circuit law on that enhancement. And in the ninth circuit, the enhancement would not apply. But that does not mean he's actually innocent of the enhancement. In other words, how can the petitioner be actually innocent of enhancement when he's still guilty in the jurisdiction where he was convicted? Let me ask you this. Since we don't have a specific case on this, why should the law of the third circuit apply to the definition of sexual exploitation of children, and we end up relying on the seventh circuit saying that the law of the circuit of conviction applies? Why should that be our law? We need law to decide this, right? Right. And I think I would phrase it as you're not saying that the third circuit law is correct or takes precedence over the ninth circuit law. What you're saying is with what you would be saying is when the law is in conflict, that just means the defendant cannot be actually innocent, especially when he's still guilty where he was Yeah. The district court decided this on the unobstructed shot form. So could you address that briefly? Well, again, on the 2251-E path, he definitely had an unobstructed shot because he made the argument in the third circuit. It just happens that the third circuit rejected it. And I don't think you need to go any farther than that because he would have to establish the two parts of the standard for both of the statutory enhancements in this case. And he can't do that because he can't meet it for the 2251-E enhancement. So it saves the court from having to get into the thorny issue of Martinez. And I would say that the appellate courts that have considered it have rejected applying Martinez to the 2255-E scenario, including the seventh circuit. And then those are cited in the government's brief on page 27. Watch your shake and change the subject a little bit. As you know, we talked earlier in the other case about Allen versus Ives. This particular case is not terribly affected by that. Is it because in this case it was not a mandatory sentence? Do you agree? Under the 2251-E prong, yes. I mean, the 3559 one was mandatory. But like I said, he has to be actually innocent of fault. And yeah, this is a different guy. These are statutory enhancements. And again, the sentencing court said under the 2251-E sentencing enhancement that it would have, in its discretion, imposed a life sentence anyway, even absent the mandatory provision. So again, for that reason, no actual innocence. And the analysis can stop there. Okay. I'm sure he would have received a different sentence. Correct. Again, unless the court has any further questions. Any questions by my colleagues? I think not. So Mr. Hilsendecker, you're wind up. So just to get back to the actual question from Mr. Pavlak, the 2251-E enhancement raised his statutory sentencing range from 15 to 30 years to 35 years to life. If Mr. Pavlak was statutorily ineligible for the two strikes enhancement under 2251-E, the judge would not have had the discretion even to impose a life sentence. Her sentencing discretion would have been limited to a maximum of 30 years. And so it's not exactly the case that the discretion or the fact that he may remain eligible for the sentence, that doesn't automatically disqualify him from making a threshold showing of actual innocence. What's your response to Mr. Miskell's argument that even if your client escapes on one prong, he's impaled on the second one? So under the Martinez framework that I'm proposing the court adopt, you would still have to comb the record and find that his counsel did not raise the argument that I am saying his counsel should have. And the way that I read both the sentencing judge's order about why she imposed the sentence and the third circuit's opinion on direct appeal, I don't read them as squarely addressing whether his prior convictions qualify him for the two strikes enhancement. I read them as addressing an apprendee claim related to the fact that these prior convictions were proven. And just because as both courts said, you know, apprendee doesn't apply to the fact of a prior conviction, doesn't mean that that they rejected the, you know, the proper Taylor analysis for does this prior conviction qualify for a recidivist sentence enhancement? Okay, as you know, your time is up. Let me ask my colleagues whether either has additional questions for Mr. Hilsa Degger. I think not. Well, we thank both counsel for your argument in both cases, the case of Pavelak versus Van Vleckenzee is submitted. We thank both counsel for your arguments. Very, very helpful. And we're grateful for good lawyers like both of you. So thank you very much. Thank you, Your Honor.
judges: Schroeder, M. Smith, Vandyke